**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | No. 06-20056-03-KHV |
| ) | |
| TONI BAKER, ) | CIVIL ACTION |
| ) | No. 10-2184-KHV |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's <u>Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison</u> (Doc. #744) filed April 8, 2010. For reasons stated below, the Court overrules defendant's motion.

## Factual Background

On March 31, 2006, a grand jury returned a 36-count indictment which charged Toni Baker and 13 co-defendants. In particular, the indictment charged defendant with (1) conspiracy to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base (crack), five kilograms or more of a mixture or substance containing cocaine and 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846; (2) three counts of using a telephone to facilitate a drug trafficking offense, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2; and (3) money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(I), (a)(1)(B)(I) and 2. On October 23, 2007, pursuant to a plea agreement, defendant pled guilty to money laundering in violation of 18 U.S.C. § 1956. <u>See</u> <u>Petition To Enter Plea Of Guilty And Order Entering Plea</u> (Doc. #328). Defendant's total offense level was 40, with a criminal history category IV, resulting in a guideline range of 360 months to life in prison. <u>See</u> <u>Presentence</u>

Investigation Report ("PSIR") dated Mar. 24, 2009 ¶¶ 174-75. Even so, defendant's sentence was capped by the statutory maximum of 240 months in prison for the offense of money laundering. See id. At the original sentencing hearing on March 31, 2009, defendant objected to her criminal history category, the calculation of drug quantity and a firearm enhancement.[1] In particular, defendant claimed that the offense level in the PSIR was based in part on statements to agents after she had agreed to cooperate and after agents had promised that the statements would not be used against her. Defendant conceded, however, that even if the Court sustained all of her objections, she faced a minimum guideline range starting at 135 months which was greater than the 96-month sentence which the government intended to propose in its Section 5K1.1 motion. See Testimony Of Defendant On March 31, 2009.

The Court continued sentencing to April 7, 2009. At the beginning of the hearing that day, the parties announced that they had agreed that defendant would withdraw her objections and the government would file a Section 5K1.1 motion and request a sentence of 96 months. After reviewing the relevant factors, the Court sentenced defendant to 96 months in prison. See Judgment In A Criminal Case (Doc. #648) filed April 9, 2009. Defendant did not appeal. Carl Cornwell represented defendant throughout this proceeding.[2]

On April 8, 2010, defendant filed a pro se motion to vacate her sentence under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that Cornwell was ineffective because (1) he did not present or investigate any potential defenses, (2) he did not appeal or advise defendant

---

[1] Defendant also argued that she was eligible for a three level decrease for acceptance of responsibility instead of the two levels proposed in the PSIR.

[2] Bruce Houdek also represented defendant for a period between the plea and the sentencing.

-2-

of the time limits for appeal, (3) he induced defendant to plead guilty by stating that defendant could be subject to a sentence ten times greater than the sentence actually allowed for the charged offense and (4) he suggested a waiver of appeal as part of the plea agreement even though defendant did not agree to that part of the plea agreement.

**Analysis**

**I.     Defendant's Motion To Amend Her Section 2255 Claim (Doc. #759)**

Liberally construing defendant's amendment to her Section 2255 motion, see Memorandum Of Law To Support Motion Under 2255 Filed April 8, 2010 (Doc. #759), defendant seeks to add two additional claims: (5) her base offense level erroneously included a firearm enhancement and (6) the quantity of narcotics used to calculate her base offense level was based on her statements to government agents after she had agreed to cooperate and after the agents had assured her that the statements could not be used against her.

Rule 15, Fed. R. Civ. P., governs a motion to amend a Section 2255 petition if it is made before the one-year limitation period for filing a Section 2255 petition has expired. United States v. Ohiri, 133 Fed. Appx. 555, 559 (10th Cir. 2005). Here, defendant filed her amendment after the one-year deadline.[3] An untimely amendment to a Section 2255 motion which clarifies or amplifies a claim or theory in the original motion by way of additional facts may, in the district court's

---

[3]     Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final. See 28 U.S.C. § 2255. If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on April 7, 2009, the Court entered judgment. See Judgment In A Criminal Case (Doc. #648). Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final ten days later (excluding Saturdays and Sundays), on April 21, 2009. Therefore defendant had until April 21, 2010 to file a motion to vacate under Section 2255.

discretion, relate back to the date of the original motion if the original motion was timely filed and the proposed amendment does not seek to add a new claim or to insert a new theory into the case. United States v. Espinoza-Saenz, 235 F.3d 501, 505 (10th Cir. 2000).

Here, the Court denies defendant leave to amend because she seeks to insert new theories which are not raised in her original motion. See id. (rejecting new claims of ineffective assistance filed two months after deadline in 28 U.S.C. § 2255).[4] The Court also denies leave to amend because the proposed amendment is futile – both proposed claims are procedurally barred and they lack substantive merit.

## II. Defendant's Section 2255 Motion (Doc. #744)

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989). To prevail, defendant must show a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974).

### A. Procedural Bar – Waiver Of Collateral Challenges (Claims 1, 2, 5 and 6)

The government asserts that defendant's claims are barred by the waiver of collateral challenges in the plea agreement.[5] See Government's Response To Defendant's Motion Pursuant

---

[4] The Tenth Circuit has explained that the restriction on amendment of a Section 2255 petition is to prevent a defendant from undermining the one-year limitations period by alleging new claims of error after the expiration of the limitations period. See id.

[5] Defendant argues that by negotiating and attempting to enforce the waiver in the plea agreement, the Assistant United States Attorney ("AUSA") breached her ethical duties. See Memorandum Of Law To Support Motion Under 2255 Filed April 8, 2010 (Doc. #759) filed June 1, 2010 at 2. Initially, defendant has not shown that a violation of an ethical duty is necessarily an error of constitutional proportion. See Strickland v. Washington, 466 U.S. 668, 688 (1984) (prevailing norms of practice under ABA standards only "guides" to determining what is reasonable
(continued...)

To 28 U.S.C. § 2255 (Doc. #770) filed August 25, 2010 at 3-6. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003); United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001), cert. denied, 534 U.S. 1085 (2002); United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); see United States v. McMillon, No. 02-20062-01-JWL, 2004 WL 2660641, at

---

[5](...continued)
assistance of counsel); United States v. Mullins, 613 F.3d 1273, 1289 (10th Cir. 2010); United States v. Orange, 2000 WL 757735, at *1, 215 F.3d 1338 (Table) (10th Cir. June 12, 2000) (28 U.S.C. § 530B does not require exclusion of otherwise admissible evidence in federal court even if such evidence obtained in violation of state professional conduct rules incorporated into local rules of federal district court); United States v. Thomas, 474 F.2d 110, 112 (10th Cir. 1973) (violation of canon of ethics not necessarily remedied by reversal of conviction; ethical question not necessarily constitutional question).

In any event, defendant has not shown that the AUSA violated the applicable ethics rules. AUSAs are subject to state ethical rules to the same extent and manner as other attorneys in that state. See 28 U.S.C. § 530B(a). Accordingly, in the District of Kansas, AUSAs are subject to the Kansas Rules of Professional Conduct which do not explicitly prohibit prosecutors from seeking a post-conviction waiver as part of a plea agreement. Kansas courts apparently have not addressed the issue, but the Kansas Supreme Court has recognized that a knowing and voluntary waiver of appeal is generally enforceable. See State v. Patton, 287 Kan. 200, Syl. ¶ 13, 195 P.3d 753 (2008) (knowing and voluntary waiver of statutory right to appeal generally enforceable); State v. Campbell, 273 Kan. 414, 424-25, 44 P.3d 349, 356 (2002) (same). Here, the AUSA sought a waiver which was entirely consistent with Tenth Circuit law as set forth in United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001). Cockerham noted that "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," id., but the waiver here specifically preserved such claims. In sum, defendant has not shown that by negotiating and attempting to enforce a waiver of post-conviction rights, the AUSA violated any applicable rule of professional conduct.

*3 (D. Kan. Nov. 19, 2004).

### 1. Scope of the Waiver

To determine whether the disputed issue falls within the scope of the waiver, the Court begins with the plain language of the plea agreement. United States v. Anderson, 374 F.3d 955, 957 (10th Cir. 2004); Hahn, 359 F.3d at 1328. The Court construes the plea agreement according to contract principles and based on what defendant reasonably understood when she entered the plea. United States v. Arevalo-Jimenez, 372 F.3d 1204, 1206 (10th Cir. 2004). The Court strictly construes the waiver and resolves any ambiguities against the government and in favor of defendant. Hahn, 359 F.3d at 1343.

The plea agreement states in relevant part as follows:

> **13.** **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change h[er] sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18 U.S.C. § 3582(c)(2) and a motion under Fed. Rule Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).

Plea Agreement ¶ 13. The scope of this waiver unambiguously includes the right to collaterally attack by a Section 2255 motion any matter in connection with defendant's prosecution, conviction or sentence. In Cockerham, the Tenth Circuit noted that "a plea agreement waiver of postconviction

-6-

rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver," but that "collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable." 237 F.3d at 1187. In this case, defendant's first, second, fifth and sixth claims (counsel's failure to present or investigate defenses, counsel's failure to appeal or advise defendant of the time limits for appeal, application of the firearm enhancement and calculation of drug quantity) do not challenge the validity of the plea or waiver.[6] Accordingly, those claims fall within the scope of the waiver in the plea agreement. See id.

### 2. Knowing And Voluntary Nature Of The Plea

To ascertain whether defendant knowingly and voluntarily waived her rights, the Court evaluates the language of the plea agreement and the plea petition, and the Rule 11 colloquy. Hahn, 359 F.3d at 1325. The Court conducted a thorough inquiry at the plea hearing. At that time defendant affirmed that she understood the charge against her, the maximum penalties, the expected sentencing range of 168 to 210 months before any Section 5K1.1 motion, the rights which she was waiving and the factual basis for her plea. Defendant acknowledged that her plea was free and voluntary, that no one had forced or threatened her to enter it, and that the only reason she was making a plea was that she was in fact guilty as charged. She acknowledged that she understood that under Paragraph 13 of the plea agreement, unless the Court gave her a sentence above the applicable

---

[6] See Plea Agreement ¶ 13; see United States v. Macias, 229 Fed. Appx. 683, 687 (10th Cir. 2007) (plea agreement's waiver of collateral challenges barred claim that counsel failed to consult with defendant about appeal); United States v. Davis, 218 Fed. Appx. 782, 784 (10th Cir. 2007) (plea waiver barred claim that counsel failed to file appeal, which does not go to validity of plea or waiver); United States v. Hogan, Nos. Civ-09-430-JHP, CR-08-027-JHP, 2010 WL 2594665, at *3 (E.D. Okla. June 23, 2010) (same); United States v. Phelps, No. 07-40051-01-JAR, 2010 WL 1677754, at *4 (D. Kan. Apr. 26, 2010) (same).

guideline range, she would have no right to appeal or otherwise attack the sentence or any other matter in the case. Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary. In sum, the language of the plea agreement and the Rule 11 colloquy established that defendant's waiver of her rights was knowing and voluntary.

### 3. Miscarriage Of Justice

The Court must "determine whether enforcing the waiver will result in a miscarriage of justice." Id. at 1327. This test is not met unless (1) the district court relied on an impermissible factor such as race; (2) defendant received ineffective assistance of counsel in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. Defendant bears the burden of demonstrating that the waiver results in a miscarriage of justice. Anderson, 374 F.3d at 959.

The Court finds that enforcement of the waiver does not implicate any of the four factors listed above. In particular, defendant received a sentence of 96 months in prison, which was less than the statutory maximum for the money laundering offense (240 months), less than the expected sentencing range discussed at the Rule 11 hearing (168 to 210 months) and far below defendant's potential exposure on the conspiracy count (360 months to life) which the government agreed to dismiss as part of the plea agreement. See United States v. Green, 405 F.3d 1180, 1193-94 (10th Cir. 2005); United States v. Porter, 405 F.3d 1136, 1144 (10th Cir.) ("statutory maximum" under Hahn inquiry refers to statute of conviction), cert. denied, 546 U.S. 980 (2005). Furthermore, enforcement of the waiver as to collateral challenges does not seriously affect the fairness, integrity or public reputation of the proceedings. See United States v. Maldonado, 410 F.3d 1231, 1233-34 (10th Cir.)

(waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings), cert. denied, 546 U.S. 989 (2005). The Court finds that enforcing the waiver will not result in a miscarriage of justice. In sum, defendant's first, second, fifth and sixth claims are barred by the waiver of collateral challenges in the plea agreement.

B.  Substantive Merit Of Defendant's Claims

To establish ineffective assistance of counsel, defendant must show that (1) the performance of counsel was deficient and (2) the deficient performance was so prejudicial that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694. To meet the first element, i.e. counsel's deficient performance, defendant must establish that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. In other words, defendant must prove that counsel's performance was "below an objective standard of reasonableness." United States v. Walling, 982 F.2d 447, 449 (10th Cir. 1992). The Supreme Court recognizes, however, "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689; see United States v. Rantz, 862 F.2d 808, 810 (10th Cir. 1988), cert. denied, 489 U.S. 1089 (1989). As to the second element, the Court must focus on the question "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." Lockhart v. Fretwell, 506 U.S. 364, 372 (1993).

1.  Failure To Present Or Investigate Potential Defenses - Claim 1

Defendant argues that counsel was ineffective because he did not present or investigate potential defenses. At the plea hearing, defendant conceded that the government had

evidence that (1) she was a member of the conspiracy and that members of the conspiracy distributed at least 15 kilograms of cocaine and/or at least 150 grams of cocaine base; (2) she was "often instrumental in obtaining and transporting narcotics for this organization and was trusted with large amounts of money;" (3) as part of her involvement, she made trips to and from St. Louis in a car equipped with a hidden compartment to conceal narcotics (on the way to St. Louis) and to conceal money (on the way back to Kansas City); (4) on one occasion, she discussed with Savino Davila that she had too much money to fit within the hidden compartment; and (5) she discussed sources of supply with Savino Davila and how to set up accounts with a source with Savino Davila and defendant each having their own account. See Plea Agreement ¶ 2. Defendant has not cited any legal or factual defense to the charges or the evidence which the government outlined in the plea agreement.[7] Defendant's conclusory allegations of inadequate pretrial preparation do not establish deficient performance or prejudice and are insufficient to warrant an evidentiary hearing. See United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); Hatch v. Oklahoma, 58 F.3d 1447, 1457, 1471 (10th Cir. 1995) (same), cert.

---

[7] Defendant's claim is extremely vague, but to the extent she implies that counsel failed to interview or subpoena witnesses, she must provide an affidavit of the potential witness as to the nature of the proposed testimony. See United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) (to show ineffective assistance, evidence about testimony of putative witness must generally be presented by witness testimony or affidavit); Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.) (failure to provide affidavit from witness regarding potential testimony precludes finding of prejudice), cert. denied, 493 U.S. 898 (1989); United States v. Schaflander, 743 F.2d 714, 721 (9th Cir. 1984) (to warrant evidentiary hearing, movant must submit affidavit or sworn statement from witness or counsel), cert. denied, 470 U.S. 1058 (1985); United States v. Anderson, No. 95-20086-JWL, 2003 WL 22757928, at *3 (D. Kan. Nov. 6, 2003) (Section 2255 movant required to submit affidavit of putative witness); United States v. Cosby, 983 F. Supp. 1022, 1026 (D. Kan. 1997) (prejudice not established where defendant did not submit affidavit of potential alibi witnesses); see also United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept. 19, 1997) (certificate of appealability on ineffective assistance claim denied because defendant did not present specific facts to show that co-defendant would have offered exculpatory evidence).

denied, 517 U.S. 1235 (1996). Defendant has not shown that counsel's alleged failure to present or investigate any defenses was deficient or prejudicial (that is, that it would have altered her decision to plead guilty). The Court therefore overrules her first claim for relief.

        2.        <u>Failure To Appeal Or Advise Defendant Of Deadline To Appeal – Claim 2</u>

Defendant complains that counsel did not appeal or advise defendant of the time limits for appeal. In her motion, defendant acknowledges that she did not appeal because she could not do so under the terms of the plea agreement. <u>See</u> Doc. #744 at 2; Plea Agreement ¶ 13. Defendant does not allege that she instructed counsel to appeal. In <u>Roe v. Flores-Ortega</u>, 528 U.S. 470 (2000), the Supreme Court rejected a bright-line rule that counsel's failure to consult defendant regarding an appeal is per se deficient. <u>Id.</u> at 480. Instead, counsel must consult defendant about an appeal if counsel has "reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that [s]he was interested in appealing." <u>Id.</u> In evaluating this type of claim, the Court must take into account all information which counsel knew or should have known. <u>Id.</u> Though not determinative, the Court must also consider the highly relevant factor whether the potential appeal followed a plea or a verdict "both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings." <u>Id.</u> When defendant pleads guilty, the Court must also consider such factors as whether defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. <u>Id.</u> In addition to deficient performance, defendant must show that counsel's failure to consult about an appeal was prejudicial. To show prejudice in these circumstances, defendant must show a reasonable probability that but for counsel's failure to consult with her about an appeal, she would have timely appealed. <u>Id.</u> at 484.

Based on the record, the Court finds that counsel's alleged failure to consult defendant about an appeal was neither deficient nor prejudicial. First, defendant's conviction was the result of a guilty plea, and her actual sentence (8 years) was significantly less than 20-year statutory maximum sentence about which the Court and the plea agreement informed defendant. Defendant did not enter a conditional plea and she expressly agreed that she would not be permitted to withdraw her plea if she did not agree with the sentence which the Court imposed. Second, in the plea agreement, defendant waived her right to appeal or collaterally attack her sentence, thus indicating that she sought an end to judicial proceedings. Third, defendant has not alleged or shown that she expressed to counsel any interest in appealing her conviction or sentence which was significantly below the statutory maximum for the money laundering charge (and well below the sentencing guideline range of 360 months to life which would have applied if she had been convicted of the conspiracy charge which the government agreed to dismiss as part of the plea agreement). Based on these facts, reasonable counsel would believe that defendant did not have any non-frivolous issues to appeal and that defendant did not desire to appeal. Therefore, counsel was not deficient in failing to consult defendant about a possible appeal. See United States v. Rios-Garcia, No. 02-20104-01-KHV, 2005 WL 3845345, at *7 (D. Kan. Dec. 8, 2005), appeal dismissed, 200 Fed. Appx. 793 (10th Cir. 2006), cert. denied, 549 U.S. 1241 (2007); United States v. Flowers, No. 03-3051-SAC, 2004 WL 1088767, at *8 (D. Kan. 2004).

Even if counsel was deficient in not consulting defendant about a possible appeal, defendant has not shown a reasonable probability that but for counsel's deficient performance, an appeal would have been filed.[8] In light of the waiver in the plea agreement and the significant reduction of

---

[8] The Court does not presume prejudice in these circumstances. That presumption only applies where counsel disregards a defendant's specific instructions to file an appeal. See Roe, 528
(continued...)

defendant's sentence based on the plea agreement, defendant has not identified and the Court cannot find any non-frivolous grounds on which she could have appealed. Defendant has not shown a reasonable probability that she would have filed a notice of appeal had counsel consulted with her. Rios-Garcia, 2005 WL 3845345, at *8; Flowers, 2004 WL 1088767, at *8. The Court therefore overrules her second claim for relief.

### 3. Advice About Statutory Maximum – Claim 3

Defendant argues that counsel induced her to plead guilty by stating that defendant could be subject to a sentence "10 times more severe" than the sentence actually allowed by law. Defendant does not state precisely what counsel told her was the maximum penalty, but the statutory maximum for the conspiracy count was in fact life in prison. See 21 U.S.C. § 846; 21 U.S.C. § 841(b)(1)(A)(ii). Defendant therefore has not shown that counsel's advice was deficient.

Even if counsel failed to fully explain the maximum sentence under the conspiracy count, defendant has not shown a reasonable probability that but for counsel's alleged error, the results of the plea proceeding would have been different, i.e. that she would not have agreed to plead guilty.[9] See United States v. Young, 206 Fed. Appx. 779, 785 (10th Cir. 2006); Rantz, 862 F.2d at 810-11.

### 4. Advice To Waive Right To Appeal As Part Of Plea Agreement – Claim 4

Defendant argues that counsel was ineffective because he suggested a waiver of

---

[8](...continued)
U.S. at 477, 484-85; United States v. Snitz, 342 F.3d 1154, 1155-56 (10th Cir. 2003). Here, defendant does not allege that she asked counsel to file an appeal.

[9] In particular, the indictment notes the statutory maximum of life in prison on the conspiracy count. See Indictment (Doc. #1) at 19. In the plea petition, defendant acknowledged that she had received a copy of the indictment, had discussed it with her lawyer and fully understood every charge against her. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #328) ¶ 3. Defendant therefore already knew that the statutory maximum penalty on the conspiracy count was life in prison.

-13-

appeal as part of the plea agreement. The Court notes that (1) in this district, waivers of appeal are standard in plea agreements and (2) defendant received a significant reduction in her sentence (from some 360 months down to 96 months) because pursuant to the plea agreement, the government dismissed the conspiracy count and filed a downward departure motion. The plea agreement is not so one-sided as to suggest that defense counsel was ineffective by advising defendant to enter a waiver of appeal rights. Indeed, counsel achieved an excellent result for his client in a large drug conspiracy case.

Defendant also suggests that she did not agree to an appeal waiver. Defendant acknowledged at the plea hearing that under Paragraph 13 of the plea agreement, she would have no right to appeal the sentence or any other matter in the case unless the Court gave her a sentence above the applicable guideline range. She also acknowledged that her plea was free and voluntary and that no one had forced or threatened her to enter it. Absent a believable reason justifying departure from the apparent truth of an accused's statements at a Rule 11 proceeding at which her plea is accepted, such statements are conclusively established. United States v. Glass, 66 Fed. Appx. 808, 810 (10th Cir. June 3, 2003); United States v. Jones, 124 F.3d 218, 1997 WL 580493, at *1 (10th Cir. Sept.19, 1997); United States v. Bambulas, 571 F.2d 525, 526 (10th Cir. 1978). Even absent the waiver in the plea agreement, defendant has not identified and the Court cannot find any non-frivolous grounds on which she could appeal in light of her 96-month sentence. In sum, defendant has not alleged facts which would suggest that counsel's performance on this issue was deficient or prejudicial.

       5.   Objections To Firearm Enhancement And Drug Quantity – Claims 5 And 6

Defendant argues that the PSIR incorrectly included a firearm enhancement and that drug quantities were based on statements to government agents after she had agreed to cooperate

and after agents had assured her that the statements could not be used against her.[10]  Defendant has not shown that a favorable ruling on these objections would have had any impact on her ultimate sentence of 96 months in prison. As noted above, defendant conceded at sentencing that even if the Court sustained all of her objections, she faced a minimum guideline range starting at 135 months. When the Court re-convened the sentencing hearing, defendant withdrew her objections. She apparently did so based on her understanding that regardless of the Court's ruling on her specific offense level under the guidelines, the government intended to file a Section 5K1.1 motion which recommended a sentence of 96 months. In sum, defendant has not alleged or shown a defect in the proceedings which resulted in a "complete miscarriage of justice." Davis, 417 U.S. at 346. The Court therefore overrules defendant's fifth and sixth claims for relief.

## III. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle her to relief. Accordingly, no evidentiary hearing is required. See 28 U.S.C. § 2255; Kilpatrick, 1997 WL 537866, at *3 (allegations of ineffective assistance must be specific and particularized; conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be

---

[10] In addition to the waiver of collateral challenges discussed above, defendant's proposed fifth and sixth claims appear to be barred because she did not raise them on direct appeal. See United States v. Williams, 139 Fed. Appx. 974, 976 (10th Cir. 2005). A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Because defendant's fifth and sixth claims are procedurally barred on other grounds and obviously lack merit, the Court proceeds directly to the merits of these claims in the interests of judicial efficiency. See United States v. Allen, 16 F.3d 377, 378-79 (10th Cir. 1994) (court may raise and enforce procedural bar *sua sponte* if doing so furthers interests of judicial efficiency, conservation of scarce judicial resources and orderly and prompt administration of justice).

resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by record).

## IV. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[11] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not made a substantial showing of the denial of a constitutional right. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence By A Person In Federal Prison (Doc. #744) filed April 8, 2010 be and hereby is **OVERRULED**. A certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Memorandum Of Law To Support Motion Under 2255 Filed April 8, 2010 (Doc. #759) filed June 1, 2010, which the Court construes as a motion to amend defendant's Section 2255 motion, be and hereby is **OVERRULED**.

---

[11] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

Dated this 14th day of January, 2011, at Kansas City, Kansas.

>s/ Kathryn H. Vratil
>KATHRYN H. VRATIL
>United States District Judge